UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

STEVEN EUGENE ALLEN,                    Case No.: 4:15-bk-40315-KKS
                                        Chapter 7
         Debtor.
_____

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING
COMPETITIVE BIDDING AND SALE PROCEDURES; (B) SCHEDULING
A DATE TO CONDUCT HEARING TO CONSIDER FINAL APPROVAL
OF SALE; AND (C) GRANTING RELATED RELIEF**

The movant Theresa M. Bender, the duly appointed chapter 7 trustee

("Trustee") for the bankruptcy estate of Steven Eugene Allen ("Debtor"), pursuant

to sections 105(a), 363 and 365 of the Bankruptcy Code, Rules 2002, 6004, and

6006 of the Federal Rules of Bankruptcy Procedure, and Local Rule 6004-1,

moves the Court ("Motion") for the entry of an order (a) approving competitive

bidding and sale procedures; (b) approving the sale ("Sale") of Debtor's interest in

Sea Developers, LLC ("Sea Developers") to Partnership Liquidity Investors V,

LLC ("Buyer") pursuant to the agreement ("Agreement") attached as **Exhibit 1** to

the Motion; (c) scheduling a date to conduct hearing to consider final approval of

the Sale, and (d) granting related relief. In support of the Motion, Trustee states as

follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

**Factual Background**

2.      The Debtor filed a voluntary individual chapter 7 petition on June 5, 2015.

3.      On or about September 4, 2015, the Debtor amended his schedules to remove his claimed entireties exemptions from an automobile and three business interests, including the subject interest in this case, a 15% interest in Sea Developers, LLC (the "Subject Interest"). ECF No. 39; *see also* ECF No. 3 at 5, 8.

4.      Sea Developers' Limited Liability Company Agreement (the "Operating Agreement") is attached hereto as **Exhibit 2**.

5.      The other members of Sea Developers have not sought to add the estate to full membership but the Debtor has obtained relevant information for the estate on request.

6.      Based on the provisions of the Operating Agreement, the estate holds a 15% membership interest that is transferable with the limitation that a transferee, like the estate, is entitled to proportionate distributions but is not entitled to

2

exercise any managerial authority absent admission to membership by the remaining members.

7.     The Trustee intends to administer the Subject Interest for the benefit of the estate.

8.     To that end, the Trustee has solicited bids, including bids from the Debtor. The Trustee received multiple offers prior to the filing of this Motion. The offer from Buyer is the highest and best in the Trustee's business judgment.

## **Proposed Sale**

9.     The Trustee has reached an Agreement to sell the Subject Interest to Buyer for the sum of $50,000.00, subject to ordinary auction procedures, for the benefit of the creditors of the estate. For the convenience of the Court, the Agreement's material terms are as follows:

a.  **Purchase Price:** $50,000.00

b.  **Source of Financing:** All Cash

c.  **Break up Fee:** 10% of the final sales price

d.  **Contingencies:** None

e.  **Other Terms:** This offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships. Consequently, this offer is conditioned upon there being no such assumption of the

existing guaranties/indemnities. Sale is "as-is, where-is" with no warranties express or implied.

10.     The Trustee is capable of meeting the "Other Terms" included in the offer, because the Trustee qualifies as an "involuntary transferee" within the meaning of section 10.4 of the Operating Agreement and has never been admitted to full membership. The Trustee, on behalf of the estate, has never been asked to execute any guaranties or indemnities, and Sea Developers has consistently earned a substantial profit and paid down its long-term debts since the filing of the petition. If any refinancing of Sea Developers' debts occurred since the filing of the petition, the estate has not been advised and was not asked to execute any documents related thereto.

<u>**Proposed Bid Procedures**</u>

11.     Because Trustee will entertain any higher bids for the purchase of the Assets of Debtor which Trustee proposes to sell, and because the Agreement provides for a breakup fee in the event the Trustee receives such higher and better bids, the Trustee files this motion for approval of the bidding process and breakup fee.

12.     The bid procedures are more particularly set forth in the proposed bid procedures order attached as **Exhibit 3** and are summarized as follows:

a. **Qualified Bids:** Qualified bids must be received by no later than 5:00 p.m. Eastern Prevailing Time seven (7) business days prior to the date first set for final approval of the Sale. Qualified bidders are only those parties that submit qualified bids that include: (i) a deposit in an amount equal to ten percent (10%) of the proposed purchase price payable by cashier's check, which shall be deposited with Trustee pending resolution of any auction; (ii) an executed agreement in substantially the form of the Agreement with Buyer, except for the proposed break-up fee, which shall not be allowed for any party other than Buyer; and (iii) the executed agreement includes a purchase price greater than or equal to $56,000.00 (purchase price plus minimum proposed breakup fee, rounded to nearest $1,000.00), that contains no contingencies to the validity, effectiveness, and/or binding nature of the offer, including without limitation, contingencies for financing or due diligence.

b. **Bidding Increments:** Bidding will subsequently continue in additional increments of no less than $500.00 in cash (but without any limitation on the amount of increase), until a highest and best bid is received.

c. **Back-Up Bidder:** If the highest and best bid does not close within five (5) business days of the closing date, Trustee as Seller will be authorized to consummate the sale with the next highest offer, with closing to take place within ten (10) business days after notice to the back-up bidder.

d. **Breakup Fee:** In the event the winning bidder at any auction is not Buyer, then Buyer shall be entitled to a breakup fee of 10% of the final sale price, for Buyer's due diligence regarding the Assets to date and reasonable fees and expenses in the prosecution of this Motion, which shall be paid from the proceeds of the Sale Asset within three (3) business days of a Court order approving the disbursement as an administrative expense of the estate.

e. **Sale Order:** The winning bidder will be entitled to a sale order that has findings and conclusions that the Sale complies with section 363(b) and other salient provisions.

13.    The Trustee will provide notice to not only the interested parties required under the bankruptcy rules, but also to all known members of Sea Developers.

14.    If Trustee, in her business judgment, determines that she has received a higher and better offer, then she, in her business judgment, may notify all

qualified bidders and Buyer of her intent to conduct an auction of the Assets prior to the sale hearing. Only those parties that submit qualified bids and the Buyer (and/or the authorized representatives or any qualified bidder or Buyer) may participate at the auction conducted by the Trustee or the Court. If, in the Trustee's business judgment, no higher and better offers are received, then no auction shall take place, and the Trustee shall seek final approval of the Sale to Buyer.

### Relief Requested & Authority

15.    The Trustee respectfully requests that the Court enter an Order approving the bid procedures and the form of the Agreement; setting a hearing to consider approval of the Sale of the Subject Interest; and granting related relief.

16.    In the Trustee's business judgment, the bid procedures are reasonable and will assist Trustee in maximizing the value received for the interests. *See In re Diplomat Const., Inc.,* 481 B.R. 215, 218 (Bankr. N.D. Ga. 2012) ("business judgment" is proper standard on trustee's sale motions); *In re 995 Fifth Ave. Assocs., L.P.,* 96 B.R. 24 (Bankr. S.D.N.Y. 1992) (bidding incentives may be "legitimately necessary to convince a white knight to enter the bidding by providing some form of compensation for the risks it is undertaking"); *In re Marrose Corp.,* Case Nos. 89-2171 through 89-2179 (CB), 1992 WL 33848, *5 (Bankr. S.D.N.Y. 1992) (bidding incentives are "meant to compensate the potential acquirer who serves as a catalyst or 'stalking horse' which attracts more favorable

offers"). Thus, Trustee seeks entry of an order, substantially in the form attached as Exhibit 3, approving the bid procedures.

17.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." In turn, Section 363(b) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

18.    Trustee's use of property outside the ordinary course should be approved if Trustee demonstrates a sound business justification for the proposed transaction. *See, e.g.*, *In re Tropical Sportswear Int'I Corp.,* 320 B.R. 15 (Bankr. M.D. Fla. 2005).

19.    The relief requested herein is in the best interests of the Debtor's estate and its creditors because it is requested as a result of good-faith, arm's-length negotiations with Buyer and will liquidate the estate's remaining business-interest asset. Indeed, Trustee believes the Sale will achieve the best return for the secured and unsecured creditors of this estate. The proposed sale price is multiple times the amount that the Trustee was offered prior to Buyer's participation.

**WHEREFORE,** Trustee respectfully requests entry of an Order: (i) approving the bid procedures; (ii) approving the Agreement subject to timely filed

objections; (iii) setting the date for the filing of objections to the proposed sale; (iv) scheduling a hearing on approval of the sale of the Assets; and (v) granting such other and further relief as the Bankruptcy Court deems just and proper under the circumstances.

Dated this 9th day of August 2019.

Respectfully submitted,

*/s/ Trevor A. Thompson*
**TREVOR A. THOMPSON**
Fla. Bar No. 0068006
tthompson@clarkpartington.com
CLARK PARTINGTON
106 East College Avenue, Suite 600
Tallahassee, FL 32301
Phone: (850) 320-6838
Fax:    (850) 597-7591
*Special Counsel to Chapter 7 Trustee,*
*Theresa M. Bender*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished as provided below:

By CM/ECF transmission:

- Keith L. Bell        kbell@clarkpartington.com;
  egordon@clarkpartington.com; cbloor@clarkpartington.com
- Theresa M. Bender        tmbenderch7@yahoo.com; FL62@ecfcbis.com;
  tbenderassist@yahoo.com; tmbenderch7@ecf.inforuptcy.com
- Brian G. Rich brich@bergersingerman.com; efile@bergersingerman.com;
  bwalter@bergersingerman.com; sfulghum@bergersingerman.com;
  efile@ecf.inforuptcy.com
- United States Trustee USTPRegion21.TL.ECF@usdoj.gov

And by email transmission:

- Jerome A. Fink, representative for Buyer (jerryfink@earthlink.net)

on this 9th day of August 2019.

I further certify that a true and correct copy of the foregoing will be provided by first-class mail on the 9th day of August 2019 to all creditors on the attached creditor mailing matrix and to the following:

Steven Eugene Allen
2588 Ulysses Road
Tallahassee, FL 32312

Sea Developers, LLC
2588 Ulysses Road
Tallahassee, FL 32312

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Centennial Bank
Capital Recovery Advisors
c/o Stephen R. Tumminello, Esq.
2400 Augusta Dr, Ste 212
Houston, TX 77057

*/s/ Trevor A. Thompson*
**TREVOR A. THOMPSON**

Label Matrix for local noticing
1129-4
Case 15-40315-KKS
Northern District of Florida
Tallahassee
Fri Aug  9 13:06:30 EDT 2019

Steven Eugene Allen
2588 Ulysses Road
Tallahassee, Fl 32312-4849

Centennial Bank
Capital Recovery Advisors
c/o Stephen R. Tumminello, Esq.
2400 Augusta Dr, Ste 212
Houston, TX 77057-4998

Centennial Bank
c/o Keith L. Bell, Jr., Esq.
Clark, Partington, Hart
106 East College Ave., Suite 600
Tallahassee, FL 32301-7721

Clark Partington Hart Larry Bond & Stackhous
Attn: Keith L. Bell Jr.
106 East College Avenue
Suite 800
Tallahassee, FL 32301-7740

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Shuler and Shuler Real Estate Auctioneer, In
422 Julia Street
Titusville, FL 32796-3523

Thomson, Brock, Luger & Co.
Attn: Ann Marie Bachman
3375-G Capital Circle N.E.
Tallahassee, FL 32308-3798

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

Ally Financial
P.O. Box 380901
Minneapolis, MN 55438-0901

American Express
P.O. Box 650448
Dallas, TX 75265-0448

American Express
P.O. Box 981537
El Paso, TX 79998-1537

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern  PA 19355-0701

BB&T
200 W 2nd Street
Winston Salem, NC 27101-4049

(p)BB AND T
PO BOX 1847
WILSON NC 27894-1847

Bank of America
1800 Tapo Canyon Rd
Simi Valley, CA 93063-6712

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Cadence Bank
P.O.  Box 43467
Birmingham, AL 35243-0467

Capital City Bank
2111 N. Monroe Street
Tallahassee, FL 32303-4729

Capital City Bank
P.O. Box 900
Tallahassee, FL 32302-0900

Capital One / Best Buy
P.O. Box 5253
Carol Stream, IL 60197-5253

Capital One Auto Finance
P.O. Box 259407
Plano, TX 75025-9407

(p)CENTENNIAL BANK ATTN SPECIAL ASSETS
P O BOX 1028
CABOT AR 72023-1028

Centennial Bank
c/o Keith L. Bell, Jr.
Clark Partington Hart
106 East College Ave, Suite 600
Tallahassee, FL 32301-7721

Citibank / Sears
P.O. Box 6283
Sioux Falls, SD 57117-6283

DSNB American Express
P.O. Box 8218
Mason, OH 45040-8218

Doris Maloy, Leon County Tax Collector
Attn: Tax Administration Dept
Post Office Box 1835
Tallahassee, FL 32302-1835

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

GE Capital Retail Bank
c/o Portfolio Recovery Associates
120 Corporate Blvd.
Suite 100
Norfolk, VA 23502-4952

Grady County Tax Commissioner
114 First Street NE
Cairo, GA 39828-2291

HSBC Bank Nevada N.A.
P.O. Box 10497
Greenville, SC 29603-0497

HSBC Polaris
P.O. Box 2013
Buffalo, NY 14240-2013

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JC Penny
P.O, Box 965009
Orlando, FL 32896-5009

LVNV Funding, LLC its successors and assigns
assignee of Capital One, N.A.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Laurie Dozier
2101 East Randolph Circle
Tallahassee, FL 32308-0725

Lawrence Hartung
3303 Thomasville Road
Tallahassee, FL 32308-7947

LoanCare Servicing Center
3637 Sentara Way
Virginia Beach, VA 23452-4262

Macys
P.O. Box 183083
Columbus, OH 43218-3083

Madison County Tax Collector
5707 US 25-70 # E
Marshall, NC 28753-6449

Midland Credit Management, Inc. as agent for
MIDLAND FUNDING LLC
PO Box 2011
Warren, MI 48090-2011

Midland Funding
8875 Aero Dr.
Suite 200
San Diego, CA 92123-2255

Mission Club A
c/o Southern Management
P.O. Box 149966
Orlando, FL 32814-8966

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Portfolio Recovery Associates, LLC
c/o Joseph F. Rosen, Esq.
806 Douglas Road
South Tower, Suite 200
Miami, FL 33134-3157

SYNCB / JcPenny
P.O. Box 965007
Orlando, FL 32896-5007

Sears
P.O. Box 4082, Suite A
Toronto, Ontario M5W2G9

Select Portfolio Servicing
3815 S. West Temple
Suite 2000
Salt Lake City, UT 84115-4412

Wolf Laurel Rd Maint. & Security Homeown
One Rankin Ave., Third Floor
Asheville, NC 28801-2804

United States Trustee +
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Theresa M. Bender +
P.O. Box 14557
Tallahassee, FL 32317-4557

Keith L. Bell Jr.+
Clark, Partington, Hart, et al.
106 East College Avenue, Suite 600
Tallahassee, FL 32301-7721

Jeff Sessions +
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Secretary of the Treasury +
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

Brian G. Rich +
Berger Singerman LLP
313 N. Monoe Street
2nd Floor
Tallahassee, FL 32301-7643

Trevor A. Thompson +
c/o Clark Partington
106 East College Avenue, Suite 600
Tallahassee, FL 32301-7721

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Securities & Exchange Commission<br>Branch of Reorganization<br>3475 Lenox Rd., N.E. Suite 100<br>Atlanta, GA 30326-1323 | BB&T<br>P.O. Box 200<br>Wilson, NC 27894 | Bank of America<br>4161 Piedmont Pkway<br>Greensboro, NC 27410 |
| Centennial Bank<br>P.O. Box 966<br>Conway, AR 72033 | Elan Financial Services<br>P.O. Box 108<br>Saint Louis, MO 63166 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Bank of America<br>1800 Tapo Canyon Road<br>Simi Valley, CA 93063-6712 | (d)Cadence Bank<br>P.O. Box 43467<br>Birmingham, AL 35243-0467 | (d)Centennial Bank<br>Capital Recovery Advisors<br>c/o Stephen R. Tumminello, Esq.<br>2400 Augusta Dr, Ste 212<br>Houston, TX 77057-4998 |
| (d)Theresa M. Bender +<br>P.O. Box 14557<br>Tallahassee, FL 32317-4557 | (d)Internal Revenue Service +<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | |

End of Label Matrix
Mailable recipients    57
Bypassed recipients     5
Total                  62