UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

IN RE:

STEVEN EUGENE ALLEN,   Case No. 15-40315-KKS

Chapter 7

    Debtor.

_____/

### SEA DEVELOPERS, LLC OBJECTION TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER RE: SALE PROCEDURES [Doc. 80] AND REQUEST FOR EVIDENTIARY HEARING

SEA DEVELOPERS, LLC ("SEA Developers") hereby objects to Teresa M. Bender's ("Trustee") Motion for (a) approving competitive bidding and sale procedures, (b) approving the sale ("Sale") of Debtor's interest in SEA Developers, LLC ("SEA Developers") to Partnership Liquidity Investors V, LLC ("Buyer") pursuant to the agreement attached to the motion; (c) scheduling a date to conduct a hearing to consider final approval of the Sale; and (d) granting related relief (Doc. No. 80), and states as follows.

### BACKGROUND

SEA Developers is a manager-managed limited liability company organized under the laws of Florida. Initially, SEA Developers was comprised of five members: William J. Roberts, Steven E. Allen, Alan Niedoroda, Charles B. Mitchell III and Patricia N. Mitchell, and Laurie Dozier. One member has since passed away and his interest is owned by his estate. SEA Developers is governed by an Operating Agreement, which is attached as Exhibit 2 to the Trustee's motion.

Notably, Article 10 governs transfers of membership interests. Specifically, Section 10.4 provides that an involuntary transfer occurs, among other things, by operation of law. Further, Section 10.4 provides, "[i]n the event of an involuntary transfer, the LLC shall have the right as provided in paragraph 10.2 [the right of first refusal] but not the obligation to acquire the transferee's interest for a period of one (1) year from the date . . . by an action by operation of law. After one year, if the LLC or the remaining members have not exercised the right of first refusal, then the transferee may transfer the interest as provided by paragraph 10.3."

One June 5, 2015, Steven E. Allen filed a voluntary individual chapter 7 petition. In September 2015, Mr. Allen amended his schedules to remove his claimed entireties exemption from his 15% interest in SEA Developers, among other interests.

On August 9, 2019, the Trustee filed the pending Motion. Specifically, the Trustee disclosed that she has solicited bids, and received "multiple offers" prior to the filing of the Motion. The Trustee determined that the offer of $50,000 from Partnership Liquidity Investors V, LLC, was the highest and best offer. The proposed sale includes a break-up fee of 10% of the final sale price, and a term that states that the offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnership. The Trustee asserts that she meets this condition as an involuntary transferee who has never been admitted to full membership of SEA Developers. The attached Letter of Intent vaguely provides the "basic terms and conditions" of the purchase. The motion also provides that the Trustee will entertain any higher bids for purchase, subject to the break-up fee, and sets forth additional bid procedures.

## OBJECTIONS

SEA Developers, objects to the Trustee's pending motion as failing to provide critical information or support for certain procedures, and on the grounds that an evidentiary hearing is required. Specifically, the motion does not discuss (1) whether the Operating Agreement is an executory contract that the Trustee has assumed; (2) what interests in SEA Developers the Trustee has retained, and what interests are presently for sale; (3) what are the terms of the sale; and (4) the support for the proposed break-up fee. Further, the pending motion effectively ignores Sea Developer's and its members' right of first refusal under the LLC's Operating Agreement.

## LEGAL ARGUMENT

I. **There are outstanding questions as to the nature of the operating agreement, and whether the trustee has assumed the rights and obligations of the operating agreement.**

    a. **The Motion does not address whether the Operating Agreement is an executory contract.**

Section 365(a) of the Bankruptcy Code, provides in pertinent part, that "the trustee . . . may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "Executory" is not defined in the Bankruptcy Code, and courts have grappled with what constitutes an executory contract, and the approaches used to determine whether a contract is executory. "There is no *per se* rule that characterizes all limited liability company operating agreements as either executory or nonexecutory. Each is individually analyzed." In re Ichiban, Case No. 06-10316-RGM, 2014 WL 2937088, *1 (Bankr. E.D. Va. June 30, 2014) (citing *In re* Tsiaoushis, 383 B.R. 616, 618 (Bankr. E.D. Va. 2007)).

Generally speaking, an executory contract is a contract on which performance remains due to some extent on both sides and is subject to the provisions in § 365, as opposed to

3

§541(c)(1). In re Gen. Dev. Corp., 84 F.3d 1364, 1370 (11th Cir. 1996). "The U.S. Court of Appeals for the Eleventh Circuit has "tacitly" adopted the 'functional approach' to whether a contract is executory, rather than the traditional approach, which examines whether both parties have outstanding material obligations under the contract." In re Soderstrom, 484 B.R. 874, 879 (Bankr. M.D. Fla. 2013) (citing Thompkins v. Lil' Joe Records, Inc., 476 F.3d 1294, 1306 n. 13 (11th Cir.2007)).

Here, the Operating Agreement expressly provides that the Agreement is an executory contract. See Operating Agreement, § 3.2. Further, under the Eleventh Circuit's functional test, it is apparent that all parties to the Operating Agreement have outstanding material obligations under the contract including: (1) contributing additional capital; (2) duties and obligations related to the withdrawal or reduction in Capital Contributions; (3) fiduciary duties; (4) and duties and obligations related to transfer of the member's interest. Members also have the duty to attend meetings. These duties, particularly the duties related to capital contributions are not remote, improbable, or extremely speculative. See Soderstrom, 848 B.R. at 880; c.f. In re Knowles, No. 6:11-BK-11717-KSJ, 2013 WL 152434, at *4 (Bankr. M.D. Fla. Jan. 15, 2013) (noting that other than small capital contribution members had not taken official action in seven years).

At minimum, an evidentiary hearing is necessary to determine whether these obligations are, in fact, executory. Regardless, the Motion's failure to address this issue at all is dispositive and serves as grounds for denial.

### b. The Motion does not address whether the Trustee has assumed or rejected the Operating Agreement.

Pursuant to Section 365 of the Bankruptcy Code, assuming, as the evidence suggests, that the Operating Agreement is an executory contract, the Trustee was permitted to either accept in its entirety, or reject, within 60 days of the order for relief. Here, the Motion does not discuss

4

whether the Trustee assumed the Operating Agreement, or, by operation of law, reject it. Thus, it is unclear whether the Trustee has assumed the rights and obligations delineated in the Operating Agreement. Such information is critical to evaluating the proposed sale, as the failure to assume the Operating Agreement leaves the Trustee only with the Debtor's economic interests in SEA Developers.

Further, Section 365 provides that a trustee may not assume an executory contract if applicable law excuses a contracting party from accepting performance from someone other than the debtor, and that party does not consent. Soderstrom, 848 B.R. at 880 (citing 11 U.S.C. § 365(c)(1)). Thus, if the Operating Agreement here is deemed executory the Trustee cannot sell the Debtor's non-economic interest in the LLC because Florida law and the Operating Agreement excuse a party other than the debtor from accepting performance from a third party. See also § 605.0502, Fla. Stat. (noting a transfer does not entitle a transferee to participate in the company's activities or affairs).

As such, the Motion's failure to discuss the nature of the Operating Agreement, and whether the Operating Agreement was assumed by the Trustee, is fatal.

## II. Relatedly, the Motion does not address what interests are included in the proposed sale.

Although it appears that the Trustee retains *only* an economic interest in SEA Developers—that is the right to share in the profits and losses of the LLC—the Motion fails to make explicit exactly what rights and duties are included as part of the proposed sale. The "Other Terms" proposed in the Letter of Intent do not address whether the purchaser is entitled to voting rights or managerial control. Similarly, the vague reference to "basic terms and conditions," provides no guidance. While, Section 10.3 expressly provides that a non-owner transferee "shall not become a voting member for purpose of managing or operating of the LLC without the

unanimous consent of the remaining members," such limitation should be made clear in any proposed sale.

It is critical that the Motion make clear precisely what the proposed sale includes. A party with only an economic interest in SEA Developers, as proposed here, is subject to the managerial control of the owner members. This limitation is substantial and may have a meaningful impact on the purchase price. For example, such party has no right to demand a distribution. See Operating Agreement § 9.2. Further, assuming the Operating Agreement is an executory contract that the Trustee has not assumed, a party with an economic interest only has no right to equal distributions or, the right to receive distributions at the same time other members receive them. See In re AbitibiBowater Inc., 418 B.R. 815, 822 (Bankr. D. Del. 2009) (noting that a contract must be assumed or rejected *in toto* and that a Trustee cannot pick and choose suitable provisions). Likewise, members with managerial interests in SEA Developers are entitled to make capital calls, as reasonably necessary, and the economic interest-only party would be required to make such additional capital contributions or be subject to dilution. See Operating Agreement § 8.2. Accordingly, a potential purchaser should be fully informed of the limited interest at issue here, and the Motion's failure to address the matter is grounds for denial.

**III.   The Motion fails to provide any support for the proposed break-up fee.**

Perhaps most problematically, the Trustee's Motion baldly states that the proposed Buyer is entitled to a 10% break-up fee and suggests that such fee is reasonable. The Motion provides no support for such figure, which, on its face appears likely to chill further competition. A break-up fee is "intended to compensate the bidder for the time, effort, and risk of being the stalking horse, and to encourage the bidder to do the necessary due diligence with the assurance that its efforts will be compensated if it is unsuccessful." In re Dorado Marine, Inc., 332 B.R. 637, 639

(Bankr. M.D. Fla. 2005). However, it is not intended to be a windfall. Instead, an unsuccessful bidder may be reimbursed for costs that are "(1) are actual and necessary costs incurred for the preservation of the Debtor's estate within the meaning of 11 U.S.C. § 503(b); (2) provide a substantial benefit to the Debtor's estate; and (3) are reasonable and appropriate in light of the size and nature of the proposed sale and the efforts expended." Id. at 640.

Here, the Motion fails to provide any evidence as to why the proposed 10% break-up fee constitutes a reasonable expense reimbursement for the proposer buyer's costs. There is no discussion of the proposed buyer's actual and necessary costs incurred. There is likewise no discussion as to whether the proposed buyer's actions and corresponding costs provided a substantial benefit to the Debtor's estate. Finally, on its face, the proposed break-up fee of 10% is unreasonable and inappropriate in light of the size and nature of the proposed sale and the efforts expended. The Trustee provides no support for the suggestion that a 10% break-up fee is reasonable; indeed one of the cases cited involved a 1% break-up fee. See In re 995 Fifth Ave. Assocs., L.P., 96 B.R. 24 (Bankr. S.D.N.Y 1992). Further, while 10% of $50,000 may be reasonable, the same cannot be said if the sale price rises to, say, $200,000. At minimum, this shows that the proposed break-up fee has no relation to the proposed buyer's actual costs and expenses. Accordingly, the Trustee's Motion should be denied.

**IV.    The Motion ignores SEA Developers' and its members' Right of First Refusal.**

As described, the Operating Agreement provides SEA Developers and its members a right of first refusal. "[A] right of first refusal is enforceable notwithstanding the fact that the debtor is in bankruptcy." In re IT Grp., Inc., Co., 302 B.R. 483, 488 (D. Del. 2003) (citing In re Todd, 118 B.R. 432, 435 (Bankr. D.S.C.1989); In re Gibson, 1995 Bankr. LEXIS 1727, *4–5 (Bankr. E.D. Va. Aug. 21, 1995); In re Six, 190 B.R. 958, 961 (Bankr. M.D.Fla.1995); In re

Baquet, 61 B.R. 495, 500 (Bankr. D. Mont.1986)); see also In re Capital Acquisitions & Mgmt. Corp., 341 B.R. 632, 637 (Bankr. N.D. Ill. 2006) (holding that whether or not the LLC's operating agreement was an executory contract, the right of first refusal was still enforceable). The fact that the right of first refusal may hamper the Trustee's ability to assign the property is irrelevant. In re Capital Acquisitions & Mgmt. Corp., 341 B.R. at 638.

In its papers, the Trustee suggests that the one-year right of first refusal has expired. (Doc. No. 85). However, pursuant to the plain language of the Operating Agreement, the right of first refusal is triggered only upon an "involuntary transfer" by "operation of law." Here, the Debtor voluntarily entered into Chapter 7 bankruptcy, and as such, assigned his interests in the Sea Developer to the Trustee. This is not an "involuntary transfer" as referenced in the Operating Agreement. Instead, the Trustee's proposed sale is a qualifying triggering event under the Operating Agreement. As such, the Trustee must offer the interest in the LLC to SEA Developers and its members at a price equal to the price for which it intends to sell, and then, only after one year, may the Trustee sell or transfer its interests to the proposed buyer. Any potential buyer has a right to be notified of this condition, and the failure to include such provision in the proposed sale terms is fatal. Accordingly, the Trustee's motion must be denied.

## CONCLUSION

Because of these outstanding issues, the Trustee's motion should be denied, and an evidentiary hearing set.

Respectfully submitted this 4th day of September 2019.

_____
James M. Donohue
Florida Bar No.: 0191819
Douglas L. Kilby
Florida Bar No.: 73407
Ausley McMullen
123 South Calhoun St. (32301)
Post Office Box 391
Tallahassee, FL 32302
(850) 224-9115
Facsimile: (850) 222-7560
jdonohue@ausley.com
dkilby@ausley.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via the CM/ECF System to Brian G. Rich (brich@bergersingerman.com); Keith L. Bell, Jr. (kbell@clarkpartington.com): Theresa M. Bender (tmbenderch7@yahoo.com); Trevor A. Thompson (tthompson@clarkpartington.com); on the 4th day of September, 2019 and U. S. Trustee (USTPRegion21.TL.ECF@usdoj.gov); and via First Class U. S. Mail to those listed on the attached mailing matrix excluding the aforementioned on the 5th day of September, 2019.

_____
James M. Donohue

9

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-4<br>Case 15-40315-KKS<br>Northern District of Florida<br>Tallahassee<br>Wed Sep  4 16:53:44 EDT 2019 | Centennial Bank<br>Capital Recovery Advisors<br>c/o Stephen R. Tumminello, Esq.<br>2400 Augusta Dr, Ste 212<br>Houston, TX 77057-4998 | Centennial Bank<br>c/o Keith L. Bell, Jr., Esq.<br>Clark, Partington, Hart<br>106 East College Ave., Suite 600<br>Tallahassee, FL 32301-7721 |
| Clark Partington Hart Larry Bond & Stackhous<br>Attn: Keith L. Bell Jr.<br>106 East College Avenue<br>Suite 800<br>Tallahassee, FL 32301-7740 | SEA Developers, LLC<br>2588 Ulysses Road<br>Tallahassee, FL 32312-4849 | Shuler and Shuler Real Estate Auctioneer, In<br>422 Julia Street<br>Titusville, FL 32796-3523 |
| Thomson, Brock, Luger & Co.<br>Attn: Ann Marie Bachman<br>3375-G Capital Circle N.E.<br>Tallahassee, FL 32308-3798 | Ally Financial<br>P.O. Box 380901<br>Minneapolis, MN 55438-0901 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 |
| American Express<br>P.O. Box 981537<br>El Paso, TX 79998-1537 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | BB&T<br>200 W 2nd Street<br>Winston Salem, NC 27101-4049 |
| (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | Bank of America<br>1800 Tapo Canyon Rd<br>Simi Valley, CA 93063-6712 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Cadence Bank<br>P.O.  Box 43467<br>Birmingham, AL 35243-0467 | Capital City Bank<br>2111 N. Monroe Street<br>Tallahassee, FL 32303-4729 | Capital City Bank<br>P.O. Box 900<br>Tallahassee, FL 32302-0900 |
| Capital One / Best Buy<br>P.O. Box 5253<br>Carol Stream, IL 60197-5253 | Capital One Auto Finance<br>P.O. Box 259407<br>Plano, TX 75025-9407 | (p)CENTENNIAL BANK ATTN SPECIAL ASSETS<br>P O BOX 1028<br>CABOT AR 72023-1028 |
| Centennial Bank<br>c/o Keith L. Bell, Jr.<br>Clark Partington Hart<br>106 East College Ave, Suite 600<br>Tallahassee, FL 32301-7721 | Citibank / Sears<br>P.O. Box 6283<br>Sioux Falls, SD 57117-6283 | DSNB American Express<br>P.O. Box 8218<br>Mason, OH 45040-8218 |
| Doris Maloy, Leon County Tax Collector<br>Attn: Tax Administration Dept<br>Post Office Box 1835<br>Tallahassee, FL 32302-1835 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | GE Capital Retail Bank<br>c/o Portfolio Recovery Associates<br>120 Corporate Blvd.<br>Suite 100<br>Norfolk, VA 23502-4952 |
| Grady County Tax Commissioner<br>114 First Street NE<br>Cairo, GA 39828-2291 | HSBC Bank Nevada N.A.<br>P.O. Box 10497<br>Greenville, SC 29603-0497 | HSBC Polaris<br>P.O. Box 2013<br>Buffalo, NY 14240-2013 |

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JC Penny<br>P.O, Box 965009<br>Orlando, FL 32896-5009 | LVNV Funding, LLC its successors and assigns<br>assignee of Capital One, N.A.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Laurie Dozier<br>2101 East Randolph Circle<br>Tallahassee, FL 32308-0725 | Lawrence Hartung<br>3303 Thomasville Road<br>Tallahassee, FL 32308-7947 | LoanCare Servicing Center<br>3637 Sentara Way<br>Virginia Beach, VA 23452-4262 |
| Macys<br>P.O. Box 183083<br>Columbus, OH 43218-3083 | Madison County Tax Collector<br>5707 US 25-70 # E<br>Marshall, NC 28753-6449 | Midland Credit Management, Inc. as agent for<br>MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Midland Funding<br>8875 Aero Dr.<br>Suite 200<br>San Diego, CA 92123-2255 | Mission Club A<br>c/o Southern Management<br>P.O. Box 149966<br>Orlando, FL 32814-8966 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Portfolio Recovery Associates, LLC<br>c/o Joseph F. Rosen, Esq.<br>806 Douglas Road<br>South Tower, Suite 200<br>Miami, FL 33134-3157 | SEA Developers, LLC<br>c/o Ausley McMullen<br>Attn:  Douglas L Kilby<br>Post Office Box 391<br>Tallahassee, FL 32302-0391 | SEA Developers, LLC<br>c/o Ausley McMullen<br>Attn:  James M. Donohue<br>Post Office Box 391<br>Tallahassee, FL 32302-0391 |
| SYNCB / JcPenny<br>P.O. Box 965007<br>Orlando, FL 32896-5007 | Sea Developers, LLC<br>c/o James M. Donohue<br>Ausley McMullen<br>123 South Calhoun Street<br>Tallahassee, FL 32301-1517 | Sears<br>P.O. Box 4082, Suite A<br>Toronto, Ontario M5W2G9 |
| Select Portfolio Servicing<br>3815 S. West Temple<br>Suite 2000<br>Salt Lake City, UT 84115-4412 | United States Trustee<br>110 E. Park Avenue<br>Suite 128<br>Tallahassee, FL 32301-7728 | Wolf Laurel Rd Maint. & Security Homeown<br>One Rankin Ave., Third Floor<br>Asheville, NC 28801-2804 |
| Brian G. Rich<br>Berger Singerman LLP<br>313 N. Monoe Street<br>2nd Floor<br>Tallahassee, FL 32301-7643 | Steven Eugene Allen<br>2588 Ulysses Road<br>Tallahassee, Fl 32312-4849 | Theresa M. Bender<br>P.O. Box 14557<br>Tallahassee, FL 32317-4557 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BB&T<br>P.O. Box 200<br>Wilson, NC 27894 | Bank of America<br>4161 Piedmont Pkway<br>Greensboro, NC 27410 | Centennial Bank<br>P.O. Box 966<br>Conway, AR 72033 |

Elan Financial Services
P.O. Box 108
Saint Louis, MO 63166

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Bank of America
1800 Tapo Canyon Road
Simi Valley, CA 93063-6712

(d)Cadence Bank
P.O. Box 43467
Birmingham, AL 35243-0467

(d)Centennial Bank
Capital Recovery Advisors
c/o Stephen R. Tumminello, Esq.
2400 Augusta Dr, Ste 212
Houston, TX 77057-4998

End of Label Matrix
Mailable recipients    53
Bypassed recipients     3
Total                  56