UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

STEVEN EUGENE ALLEN,                    Case No.:  4:15-bk-40315-KKS
                                        Chapter 7

    Debtor.

_____

## NOTICE OF FILING

The undersigned, attorney for the Trustee, Theresa M. Bender, hereby files the attached document tracking the changes on the proposed order from the most recently submitted proposed order (draft submitted approximately 12/4/19 after docket entry for notice of noncompliance) to the proposed order submitted February 10, 2020.   This filing accompanies the proposed order being submitted contemporaneously with this notice.

Dated this 10th day of February 2020.

Respectfully submitted,

 /s/ Trevor A. Thompson
**TREVOR A. THOMPSON**
Fla. Bar No. 0068006
 tthompson@clarkpartington.com
CLARK PARTINGTON
106 East College Avenue, Suite 600
Tallahassee, FL 32301
Phone:  (850) 320-6838
Fax:     (850) 597-7591
*Special Counsel to Chapter 7 Trustee,*
  *Theresa M. Bender*

1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished as provided below:

By CM/ECF transmission:

- Keith L. Bell                     kbell@clarkpartington.com; egordon@clarkpartington.com; hbenton@clarkpartington.com
- Theresa M. Bender          tmbenderch7@yahoo.com; FL62@ecfcbis.com; tbenderassist@yahoo.com; tmbenderch7@ecf.inforuptcy.com
- Brian G. Rich                   brich@bergersingerman.com; efile@bergersingerman.com; bwalter@bergersingerman.com; sfulghum@bergersingerman.com; efile@ecf.inforuptcy.com
- James M. Donohue           jdonohue@ausley.com, sshaffer@ausley.com
- Douglas L Kilby               dkilby@ausley.com, mmckenzie@ausley.com
- United States Trustee    USTPRegion21.TL.ECF@usdoj.gov

And by email transmission:

- A. Todd Almassian, attorney for Buyer (talmassian@kalawgr.com)

on this 10th day of February, 2020.

/s/ Trevor A. Thompson
**TREVOR A. THOMPSON**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

    STEVEN EUGENE ALLEN,            Case No.: 4:15-bk-40315-KKS
                                       Chapter 7

    Debtor.
_____

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER (A) APPROVING COMPETITIVE BIDDING AND SALE
PROCEDURES; (B) SCHEDULING A DATE TO CONDUCT
HEARING TO CONSIDER FINAL APPROVAL OF SALE; AND
(C) GRANTING RELATED RELIEF, AS MODIFIED (Doc. 80)**

THIS MATTER came before the Court on the Motion For Entry of Order (A) Approving Competitive Bidding and Sale Procedures; (B) Scheduling Dates To Conduct Hearing to Consider Final Approval of Sale; and (C) Granting Related Relief ("Bid Procedures Motion'") (Doc. 80), filed by the chapter 7 trustee, Theresa Bender ("Trustee"). The Trustee has proffered that she has provided good and sufficient notice of the Bid Procedures Motion and that no other or further notice is required except as set forth herein with respect to the hearing ("Sale Hearing") to approve the sale to Partnership Liquidity Investors V, LLC ("Proposed Purchaser") or another Qualified Bidder.

The Trustee has also proffered the basis for the motion seeking structured bidding and the history of offers made with respect to the Assets (as defined below). Having reviewed the Bid Procedures Motion and based on the proffers in open court

1

at the hearing held on October 17, 2019, as well as; the modifications to the proposed

order (Doc. 80-3) agreed by counsel for the Trustee, the Proposed Purchaser, and the

sole objector, SEA Developers, LLC, the Court; the proffers in open court at the

hearing held on January 7, 2020; and the modifications to the proposed order (Doc

X) agreed by the same counsel, the Court finds that establishing procedures for a

sale of the Assets (as defined below) in accordance with the Bid

ProcedureProcedures Motion is in the best interests of the Debtor's estate.

It is therefore ORDERED:

1.    The Bid Procedures Motion is GRANTED as set forth herein.

2.    The Court is approving the Bid Procedures proposed by Trustee in

their entirety; however, by approving the Bid Procedures, the Court is not

approving the proposed sale to the Prospective Purchaser,. The Bid Procedures

Motion is construed in part as the Court will consider whethera Motion to approve

the saleApprove Sale, with such motion to be considered at the Sale Hearing to

be held at the first appropriate date to be scheduled no earlier than JanuaryMarch

1, 2020, as described below.

3.    The Bid Procedures set forth below are approved and Trustee is

authorized to take any and all actions necessary or appropriate to implement the

Bid Procedures:

a.  **Assets.** -"Assets" is defined as the estate's 15% transferable interest,

2

as defined by Chapter 605, Florida Statutes, in Sea Developers, LLC. The 15% transferable interest is subject to Sea Developers, LLC's Operating Agreement, attached as Exhibit 2 to the ~~Trustee's~~Bid Procedures Motion, as amended from time to time. The purchaser of the "Assets" is not entitled to a full membership interest in Sea Developers, LLC absent admission to membership by the remaining members. The Assets are being purchased "as is."

b. **Report and Notice of Sale.** As soon as practicable after the issuance of this order, the Trustee shall file and serve a Report and Notice of Trustee's Intention to Sell Property of the Estate (the "Report and Notice"), (1) providing such information in the Terms of Sale as would be consistent with the Bid Procedures Motion, as modified by this Order, (2) attaching this Order, and (3) providing in the Terms of Sale that all bidding procedures shall be contained within this Order as attached. The Report and Notice shall also remove the "private sales" note included on page 3 of the standard Local Form 7-8 as inconsistent with the Bid Procedures herein.

~~b.~~c.        **Qualified Bids and Qualified Bidding Period.** A "Qualified Bid" shall comply with and/or include all of the following items and must be received no later than 5:00 p.m. Eastern ~~Prevailing~~ Time

3

seven (7) business days prior to the date first set for final consideration of the Sale: (i) a deposit (the "Bidder Deposit") in an amount equal to ten percent (10%) of the proposed purchase price payable by cashier's check or wire transfer (or other form acceptable to Trustee in its sole discretion), which shall be deposited with Trustee pending resolution of any auction; and (ii) ——an executed Assets purchase agreement that substantially conforms to the Agreement, attached as Exhibit "1" to the Bid Procedures Motion and which shall be attached to the Report and Notice as an exemplar— **except** for (1) the inclusion of the breakup fee and the language substitutes; (2) the reference toterm "Membership Interest" forin the Agreement shall be replaced with the term "Transferable Interest"— that"; (iii) includes athe proposed purchase price equal to or greatershall be no less than $56,000.00, and (iv) the agreement shall include no contingencies to the validity, effectiveness, and/or binding nature of the offer, including without limitation, contingencies for financing or due diligence. Any person or entity submitting a Qualified Bid shall be described herein as a Qualified Bidder.

c. Auction.

d. **Public auction among Qualified Bidders if any Qualifying Bids are received.**

4

i. *No Qualified Bids.* If no Qualified Bid (other than Proposed Purchaser's bid) is received by the Bid Deadline, Trustee shall report the same to the Bankruptcy Court and Trustee shall deem Proposed Purchaser's bid the highest or otherwise best offer for the Assets, shall deem the Proposed Purchaser as the "Prevailing Bidder" as defined below, and proceed with the Sale Hearing to approve such transaction contemplated by the Agreement.

ii. *Time and Location of Auction.* If one or more Qualified Bids (other than Proposed Purchaser's bid) are received, Trustee will conduct an auction (the "Auction") with respect to the Assets. The Auction, if required, will commence at a time and location to be determined by Trustee, to coincide with the Bankruptcy Court's availability for the sale hearing, of which Trustee will notify all Qualified Bidders who have submitted Qualified Bids.

The Auction may be adjourned from time to time at the discretion of Trustee. The Auction is an absolute auction, and Trustee reserves the right to reject any and all bids, other than the Qualified Bid of the Proposed Purchaser. Only Proposed Purchaser, Trustee, and any Qualified Bidders (and/or such parties' representatives and professionals) will be entitled to attend, participate, and be heard

5

at the Auction.

iii. *Bidding Increments.* The Auction shall be conducted as an "open cry" auction. Bidding will begin at the highest purchase price stated by one or more Qualified Bids for the Assets provided that such highest purchase price equals at least the -sum of $56,000.00. Bidding will subsequently continue in additional minimum increments of no less than $500.00 in cash. Proposed Purchaser is not required to participate in the bidding but shall have the right to bid at any time during the Auction.

iv. *Prevailing Bid.* The Auction shall conclude when the Trustee receives what is determined by Trustee to be the highest and best offer for the Assets ("Prevailing Bid") (," with the Prevailing Bid being submitted by the "Prevailing Bidder"), subject only to the subsequent -approval -of -the -Bankruptcy -Court. -Trustee -shall

iv. have the unfettered discretion to determine whether any Qualifying Bid constitutes the highest and best bid for the Assets, based on, among other things, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction, and the timing thereof. Trustee shall then designate one or more Back-Up Bidders.

6

**Formatted:** List Paragraph, Justified, Indent: Left: 0.98", Hanging: 0.33", Right: 0.08", Space Before: 0.65 pt, Numbered + Level: 4 + Numbering Style: i, ii, iii, ... + Start at: 1 + Alignment: Left + Aligned at: 1.08" + Indent at: 1.3", Tab stops: 1.31", Left

**Formatted:** Font: 14 pt

d.e.  **Sale Hearing and Sale Order.** As soon as the Bankruptcy Court's schedule permits after the Auction is concluded, the Bankruptcy Court shall conduct a hearing the Sale Hearing to hear all timely filed objections to the sale of the Assets and, if there are no such objections or all objections are overruled, to approve the sale of the Assets to the Prevailing Bidder and enter the Sale Order. "Sale Order" means an order of the Bankruptcy Court, in form and substance acceptable to the Prevailing Bidder in its reasonable discretion, that, among other things, (i) approves the sale of the Assets to the Prevailing Bidder, and (ii) provides that (a) Prevailing Bidder has acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code; (b) this Agreement was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's length bargaining positions; (c) the Bankruptcy Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement, or any breach hereof; and (d) this Agreement and the transactions contemplated hereby may be specifically enforced against and binding upon, and not subject to rejection or avoidance by, the Debtor or Trustee. The Sale Order shall further provide that the Prevailing Bidder is not a successor to the Debtor or Trustee; that the Prevailing Bid represents a fair market

7

value of the Assets; and that the Prevailing Bidder shall have no liability for any obligations of the Debtor or the Trustee except as expressly provided herein.

e.f. **Closing with Prevailing Bidder or Alternative Back-Up Bidder.(s).** If any Prevailing Bidder fails to consummate the sale of the Assets within five (5) business days after entry of the required closing dateSale Order because of a breach or failure to perform on the part of such Prevailing Bidder, the Prevailing Bidder shall forfeit its Bidder Deposit to Trustee and the next highest or otherwise best bid received (whether a Qualified Bid or Qualified Bidsa bid received at the Auction, as appropriate) for each of the Assets will be deemed to be the Prevailing Bid. Trustee will be authorized to consummate the sale with the applicable QualifiedPrevailing Bidder submitting such bid without further order of the Bankruptcy Court ("Back-Up Bidder"). The closing of the Sale to a Backup Bidder shall take place within ten (10) days after such Back-Up Bidder receives notice from Trustee that the Prevailing Bidder failed to close and that Trustee has elected to proceed to close with one or more Back-Up Bidders. If the ("Back-Up Bidder Notice"). If the party receiving a Back-Up Bidder Notice is unable or unwilling to close the sale in the time permitted, thesuch Back-Up Bidder shall forfeit its

8

Bidder Deposit to Trustee.  The Trustee may then iteratively issue Back-Up Bidder Notices to the next best offer among Back-Up Bidders and follow the procedure above until either a sale closes or the Trustee exhausts all of the designated Back-Up Bidders. The bid that successfully closes a sale under this paragraph shall be the "Closing Bid" and the party that closes such sale the "Closing Bidder."

f.g.  **Post-Closing Breakup Fee.** If (a) the Bankruptcy Court approves the sale of the Assets to a third party QualifiedClosing Bidder unaffiliated withis some party other than Proposed Purchaser pursuant to a higher or better offer for the Assets ("Alternative Offer"); (b) the sale of the Assets pursuant to the Alternative Offer actually closes; and (c) in either such case, Proposed Purchaser (i) is not in material breach of the Agreement beyond the period allowed for cure of such breach and (ii) is otherwise willing and capable of closing the transaction contemplated by the Agreement; then Proposed Purchaser shall be paid by Trustee, in cash, from the sale proceeds of such Alternative OfferClosing Bid the sum of ten percent (10%) of the cash value of the Closing Bid as a break-up fee ("Breakup Fee"). Anything contained in the Agreement to the contrary notwithstanding, in the event that the Assets are sold and closed pursuant to an Alternative Offera Closing Bidder other than the Proposed

9

Purchaser, the provisions of the Agreement related to the Assets shall be deemed voided except that the Breakup Fee shall be paid to Proposed Purchaser by wire transfer of immediately available funds within three (3) ~~Business Days~~business days of the closing of such a sale ~~pursuant to an Alternative Offer~~. No bidder other than Proposed Purchaser shall be entitled to a break-up or termination fee, expense reimbursement, or similar payment. ~~For the avoidance of doubt, the amount of the Breakup Fee shall act as a credit against any overbids made by the Proposed Purchaser.~~

~~g.~~h.   **Post-Closing Return of Deposits.** Each Bidder Deposit shall be maintained in a non-interest-bearing account and subject to the jurisdiction of the Bankruptcy Court. Within five (5) business days after the ~~entry~~closing of the ~~Sale Order~~sale, Trustee shall return all Bidder Deposits to all Qualified Bidders except (i) the Bidder Deposit submitted by the Prevailing Bidder, whose Bidder Deposit shall be applied by Trustee against the purchase price at the closing, ~~and~~ (ii) if applicable, the Bidder Deposit submitted by ~~the~~ any party receiving a Back-Up Bidder ~~(other than~~Notice that fails to close in the time required, and (iii) if applicable, the ~~Proposed Purchaser).~~Bidder Deposit submitted by the Back-Up Bidder that successfully closes the transaction. In the event that

the Prevailing Bidder closes the sale, Trustee shall return to ~~the Back-Up Bidder its~~<u>all other bidding parties that have submitted a</u> Bidder Deposit within five (5) business days after the closing. In the event ~~the~~<u>that a</u> Back-Up Bidder closes on the purchase of the Assets, its Bidder Deposit shall be applied by Trustee against the purchase price. This Order shall serve as authorization for the Trustee to refund ~~deposits~~<u>all Bidder Deposits to the respective Qualified Bidders, except those Bidder Deposits described in this paragraph as being retained,</u> and no further order of the Court is required to refund deposits in accordance with this paragraph.

~~h.~~<u>i.</u>**Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale, the Bid Procedures, the Agreement, the Auction, and/or any other matter that in any way relates to the foregoing. Any party disputing the sale, the Bid Procedures, the Agreement, the Auction and/or any other matter that in any way relates to the foregoing shall file an objection with the Bankruptcy Court as soon as practicable to facilitate resolution of the objection.

~~i.~~<u>j.</u> **Miscellaneous.** All Qualified Bidders shall be deemed to have waived any right to a jury trial in connection with any disputes relating to the

11

**Formatted:** Justified, Indent: Left: 0.56", Right: 0.08", Space Before: 0.55 pt, Tab stops: 0.81", Left + Not at 1.07"

Auction and/or the sale of the Assets. All asset purchase agreements shall be governed by and construed in accordance with the laws of the State of Florida.

*[End of Bid Procedures]*

4.     The Sale Hearing shall be held before the Court at the U.S. Bankruptcy Court, 2nd Floor Courtroom, 110 E. Park Avenue, Tallahassee, Florida 32301 at a date and time to be set by the Clerk of the Court to be held no earlier than no earlier than ~~January~~March 1, 2020.

5.     Objections, if any, to the sale of the Assets and/or the transaction contemplated -by -the -Agreement -must: -(a) -be -in -writing; -(b) -comply- with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Northern District of Florida, Tallahassee Division (or filed electronically via CM/ECF, ~~on December 27, 2019,~~ by 4the date identified by the Negative Notice Legend contained in the Report and Notice, by 11:59 p.m. ~~(prevailing~~ Eastern Time~~)~~ (the "Sale Objection Deadline"); and (d) be served upon all interested parties including (i) the Trustee; (ii) the Proposed Purchaser, c/o A. Todd Almassian, Keller & Almassian, 230 East Fulton St., Grand Rapids, MI 49503; and (iii) the Office of the United States Trustee, so as to be actually received by the time set forth above.

6.     On or before three (3) business days after entry of this Bid Procedures

12

Order, Trustee will cause this Order ~~(constituting notice of the proposed Sale)~~, the Report and Notice, and the Bid Procedures Motion (less exhibits) to be sent by first-class mail postage prepaid, to (a) the Proposed Purchaser; (b) the U.S. Trustee; (c) all of the Debtor's creditors; (d) all other parties who have filed a notice of appearance; and (e) all parties who have expressed an interest in purchasing the Assets.

7.    Copies of exhibits to the Bid Procedures Motion may be obtained from counsel to Trustee by request in writing, by telephone, or via email ~~from counsel to Trustee. In addition, copies of the aforementioned documents may be accessed at the following website http://ecf.flnb.uscourts.gov.~~to counsel to Trustee.

8.    The Sale Hearing may not be continued without an Order of this Court, after notice to parties, counsel of record, and interested parties.

9.    The Agreement, attached to the Bid Procedures Motion as Exhibit 1, is approved in all respects, except that the reference to "Membership Interest" is stricken and shall be replaced with "Transferable Interest."

10.    No party submitting an offer or bid for the Assets or a Qualified Bid shall be entitled to any expense reimbursement, breakup, termination or similar fee or payment, except that that the Proposed Purchaser, under the Agreement, shall be entitled to 10% of the final sale price, inclusive of reasonable attorney's

13

fees and expenses in connection with the prosecution of the Sale Motion, as a break-up fee in accordance with the terms of the Agreement and the Bid Procedures Motion ~~(the "Break-up Fee")..~~

11.    Except as otherwise provided in the Agreement or this Bid Procedures Order, Trustee further reserves the right as it may reasonably determine to be in the best interests of its estate to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) ~~-~~reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate.

12.    To the extent there are any inconsistencies ~~between~~among the terms of this Bid Procedures Order, the Agreement, and the Bid Procedures Motion (including all ancillary documents executed in connection therewith), the terms of this Bid Procedures Order shall govern.

13.    All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.    Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bid Procedures Order in accordance with the Bid Procedures Motion. Trustee is authorized to prepare and execute those documents

14

**Formatted:** Not Expanded by / Condensed by

necessary to consummate the sale and evidence the conveyance of the Assets to the Prevailing Bidder.

15.    The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order.


DONE AND ORDERED on_____.


_____
**KAREN K. SPECIE**
United States Bankruptcy Judge


Order Prepared by: Trevor A. Thompson, Esq.
 *Attorney for Trustee, Theresa M. Bender*

Attorney Trevor A. Thompson is directed to serve a copy of this order on interested parties and file a certificate of service within 3 business days of entry of the order.

15